UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Bankr. No. 10-10092 |
| | ) | Chapter 7 |
| DANAE KRISTEN KIRSCHMAN | ) | |
| SSN/ITIN xxx-xx-1971 | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| FORREST C. ALLRED, | ) | Adv. No. 12-1011 |
| CHAPTER 7 TRUSTEE | ) | |
| | ) | |
| Plaintiff | ) | |
| -vs- | ) | DECISION RE:  DEFENDANT'S |
| | ) | MOTION FOR SUMMARY JUDGMENT |
| I-90 FUEL SERVICES, INC. | ) | |
| | ) | |
| Defendant. | ) | |

The matter before the Court is Defendant I-90 Fuel Services, Inc.'s Motion for Summary Judgment.  This is a core proceeding under 28 U.S.C. § 157(b)(2).  These findings and conclusions are entered pursuant to Fed.R.Bankr.P. 7052.  For the reasons discussed below, the Court will enter an order granting the motion.

I.

While in Defendant's employ, Danae Kristen Kirschman ("Debtor") wrote several checks to Defendant that were dishonored by her bank.[1]  To make good on those checks, Debtor allowed her prepaid MasterCard to be charged $2,000.00 on January 25, 2010, $1,450.00 on January 26, 2010, and $550.00 on January 27, 2010.  Each of those payments was shown on Debtor's January 2010 H&R Block

---

[1]The Court has found nothing in the record to indicate when the checks were written.

Emerald Prepaid MasterCard statement to have been made to "TELECHECK."[2]

Debtor filed a petition for relief under chapter 7 of the bankruptcy code on April 9, 2010.  Forrest C. Allred was appointed as trustee and timely filed a complaint under 11 U.S.C. § 547 to avoid as preferential transfers Debtor's three payments to "TELECHECK" (doc. 1).  In his amended complaint (doc. 5), Trustee Allred alleged: "Within the time period specified by 11 U.S.C. § 547, Debtor voluntarily transferred to Defendant, in three transactions, a total of $4,000.00, under circumstances which render such transfers voidable, and recoverable by [Trustee Allred]."  Trustee Allred further alleged:  "In particular, at all times relevant to this proceeding, Defendant was an 'insider' with respect to Debtor, as that term is used and defined by 11 U.S.C. § 547(b)(4)(B) and 11 U.S.C. § 101(31)."  In its answer (doc. 9), Defendant denied being either a creditor or an insider.

Following discovery, Defendant filed the motion for summary judgment that is now before the Court (doc. 22).  Trustee Allred  filed a resistance (doc. 25), and the matter was taken under advisement.

## II.

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Bankr.P. 7056 and Fed.R.Civ.P. 56(a).  An issue of material fact is *genuine* if

---

[2]A copy of Debtor's statement is attached as Exhibit "A" to Plaintiff's First Set of Interrogatories and Requests for Production to Defendant (doc. 13).

it has a real basis in the record. *Hartnagel v. Norman*, 953 F.2d 394, 395 (8th Cir. 1992) (quotes therein). A genuine issue of fact is *material* if it might affect the outcome of the case. *Id.* (quotes therein).

The matter must be viewed in the light most favorable to the party opposing the motion. *F.D.I.C. v. Bell*, 106 F.3d 258, 263 (8th Cir. 1997). Where motive and intent are at issue, disposition of the matter by summary judgment may be more difficult. *Cf. Amerinet, Inc. v. Xerox Corp.,* 972 F.2d 1483, 1490 (8th Cir. 1992) (citation omitted).

The movant meets his burden if he shows the record does not contain a genuine issue of material fact and he points out that part of the record that bears out his assertion. *Handeen v. Lemaire*, 112 F.3d 1339, 1346 (8th Cir. 1997) (quoting therein *City of Mt. Pleasant, Iowa v. Associated Electric Coop., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988)). No defense to an insufficient showing is required. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 161 (1970) (citation therein); *Handeen*, 112 F.3d at 1346.

If the movant meets his burden, however, the nonmovant, to defeat the motion, "must advance specific facts to create a genuine issue of material fact for trial." *Bell*, 106 F.3d at 263 (quoting *Rolscreen Co. v. Pella Products of St. Louis, Inc.*, 64 F.3d 1202, 1211 (8th Cir. 1995)). The nonmovant must do more than show there is some metaphysical doubt; he must show he will be able to put on admissible evidence at trial proving his allegations. *Bell*, 106 F.3d at 263 (citing *Kiemele v. Soo Line R.R. Co.*, 93 F.3d 472, 474 (8th Cir. 1996), and *JRT, Inc. v. TCBY Systems, Inc.*, 52 F.3d

734, 737 (8th Cir. 1995)).

III.

Pursuant to 11 U.S.C. § 547(b), a trustee may avoid certain pre-petition transfers as preferential. In most cases, the trustee can only avoid the transfer if it occurred on or within 90 days before the date on which the debtor filed his petition for relief. 11 U.S.C. § 547(b)(4)(A). However, if the recipient of the transfer was an insider, the trustee can avoid the transfer if it occurred within one year before the date on which the debtor filed his petition for relief. 11 U.S.C. § 547(b)(4)(B).

In this case, the three payments at issue occurred more than 90 days, but less than a year, before the date on which Debtor filed her petition for relief. Assuming *arguendo* Defendant was a creditor at the time,[3] Trustee Allred can thus prevail only if Defendant is an insider.

Because Debtor is an individual, the term "insider" includes "(i) [a] relative of the debtor or of a general partner of the debtor; (ii) [a] partnership in which the debtor is a general partner; (iii) [a] general partner of the debtor; or (iv) [a] corporation of which the debtor is a director, officer, or person in control." 11 U.S.C. § 101(31)(A). Trustee Allred has not suggested Defendant falls within any of these categories.

---

[3]Trustee Allred contends TeleCheck merely "processed" the payments for Defendant and Defendant was the actual creditor. Defendant claims otherwise. Curiously, neither party produced any of Defendant's agreements with TeleCheck, which were referenced in–but not attached to–Defendant's Answer[s] to Plaintiff's First Set of Interrogatories and Requests for Production (doc. 15). The Court would be surprised if those agreements did not resolve the issue one way or the other.

However, this list is not exhaustive.  11 U.S.C. § 102(3) ("'includes' and 'including' are not limiting").  Other relationships may also give rise to insider status.

> An insider is one who has a sufficiently close relationship with the debtor that his or her conduct should be subject to closer scrutiny than those dealing at arms length with the debtor.  An insider is one who does not deal at arm's length with the debtor.  Involvement in the day-to-day business of a debtor may elevate a creditor to insider status.  However, the creditor would have to exert control over the debtor before gaining insider status.  *The ability of a creditor to compel payment of a debt is insufficient control to render the creditor an insider.*  In ascertaining insider status, the closeness of the relationship between the parties is also relevant.

*Stalnaker v. Gratton* (*In re Rosen Auto Leasing, Inc.*), 346 B.R. 798, 804 (B.A.P. 8th Cir. 2006) (citations omitted) (emphasis added).  Whether a particular relationship gives rise to insider status is determined on a case-by-case basis. *Helena Chemical Company v. Richmond* (*In re Richmond*), 429 B.R. 263, 297 (Bankr. E.D. Ark. 2010); *In re Hillside Park Apts., L.P.*, 205 B.R. 177, 184 (Bankr. W.D. Mo. 1997).

The present record establishes Debtor was an assistant manager at a truck stop owned and operated by Defendant.  However, Trustee Allred has not argued, much less identified anything in the record to suggest, the relationship between Debtor and Defendant was anything more than that or Defendant's transactions with Debtor were conducted at less than arm's length.

Even viewed in the light most favorable to Trustee Allred, the most that could be said is because of their employer-employee relationship, Defendant may have been able to compel Debtor to make the payments she made.  That finding alone, however, would not support the further finding that Defendant is an insider.  *Rosen Auto*

*Leasing*, 346 B.R. at 804.  Had Congress intended an ordinary employer-employee relationship–standing alone–to give rise to an insider status, it could easily have included that relationship among the relationships listed in § 101(31)(A) that–standing alone–do give rise to such status.  Something more is required, and Trustee Allred has not shown the Court what that something more is in this case.

Consequently, Trustee Allred cannot prevail under § 547(b).  Defendant is therefore entitled to judgment as a matter of law.  The Court will enter an appropriate order.

So ordered:  November 15, 2012.

BY THE COURT:

Charles L. Nail, Jr.
Bankruptcy Judge

NOTICE OF ENTRY
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered on the date shown above.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota